IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-hc-02039-BO

GERALD GRAY,                )
                            )
            Petitioner,     )
                            )
    v.                      )           **ORDER**
                            )
STEPHANIE HOLLEMBAEK,       )
                            )
            Respondent.     )

On March 3, 2016, Gerald Gray ("Gray"), a federal inmate at Butner Federal Correctional Institute, filed pro se a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. The matter is before the court to address respondent's motion to dismiss [D.E. 8] and Gray's motion to expedite [D.E. 14]. For the reasons discussed below, the court will grant respondent's motion to dismiss and deny as moot Gray's pending motion to expedite.

## BACKGROUND

On April 9, 2007, Gray pleaded guilty in this court to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), subject to an enhancement of his sentence under provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] See United States v. Gray, No. 5:06-cr-00165-BO-1, Plea Agreement [D.E. 33]. On November 7, 2007, the court held a hearing to address Gray's objection to a pre-sentence report ("PSR") finding he was subject to the ACCA

---

[1] Ordinarily, the maximum term of imprisonment for a section 922(g) conviction is ten years. 18 U.S.C. § 924(a)(2). Under ACCA sentencing enhancements, however, when a defendant has been convicted of three or more predicate "violent felonies" and/or "serious drug offenses," a 922(g) conviction requires a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1).

sentence enhancement. See id., Hr'g Tr. at [D.E. 40]. The government argued that Gray had at least three predicate convictions for "violent felonies" under the ACCA because he had pleaded guilty to ten North Carolina felony breaking and entering crimes (with larceny) at ten locations on eight different days.[2] See id., [D.E. 41] at 4. On March 5, 2008, the court applied the ACCA enhancement and sentenced Gray to the mandatory minimum (fifteen years). See id., Sentencing Tr. [D.E. 45]; J. [D.E. 48]. Gray appealed. Id., [D.E. 44]. On April 6, 2009, the U.S. Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed Gray's conviction with the ACCA sentence enhancement. United States v. Gray, 320 F. App'x 173, 174–75 (4th Cir. 2009) (unpublished) (per curiam).

On April 8, 2010, Gray filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Gray, No. 5:06-cr-00165-BO-1, Mot. [D.E. 60]. The court denied the motion on August 3, 2010. Id., Order [D.E. 69]. On March 8, 2012, the Fourth Circuit dismissed Gray's appeal of this denial of his section 2255 motion. United States v. Gray, 415 F. App'x 464, 465 (4th Cir. 2011).

On June 19, 2012, Gray filed a motion pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) seeking to vacate his conviction or correct his sentence in light of the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).[3] See Gray, No. 5:06-cr-00165-BO-1, Mot. [D.E. 77]. Respondent filed a motion to dismiss, noting that: Gray received a consolidated sentence for nine breaking and entering convictions; the offenses and sentencing

---

[2] Under the ACCA, a "violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

[3] In Simmons, the Fourth Circuit held that, when determining whether a crime was a predicate "violent felony" under the ACCA, a court must determine if the offense was punishable by a term of imprisonment exceeding one year for that particular defendant based on the defendant's actual criminal record without hypothetical aggravating factors. See Simmons, 649 F.3d 243–50.

2

occurred before the North Carolina Structured Sentencing Act took effect in 1994; and each breaking and entering conviction was punishable by a maximum of 10 years imprisonment under then-current North Carolina law. Id., Resp't Mem. [D.E. 79-1]. The court re-characterized Gray's motion as a second or successive section 2255 motion and found that it lacked jurisdiction because Gray had not sought pre-filing authorization from the Fourth Circuit. See id., Order [D.E. 81].

On December 14, 2015, Gray filed a motion that sought the appointment of counsel and argued that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), rendered unconstitutional his enhanced sentence under the ACCA.[4] Id., Mot. [D.E. 83]. The court granted Gray's motion to appoint counsel pursuant to Standing Order 15-SO-2. See id. [D.E. 84]. On February 29, 2016, Assistant Federal Public Defender Sherri Alspaugh ("Alspaugh") made an appearance on behalf of Gray under the Standing Order. See id., [D.E. 85]. On March 4, 2016, Alspaugh filed a motion to withdraw and indicated that, after reviewing Gray's possible relief under Johnson, the Office of the Federal Public Defender would not present motions to the court. See id., Mot. [D.E. 86]. On March 7, 2016, the court granted Alspaugh's motion. See id., Order [D.E. 87].

On March 3, 2016, Gray filed pro se his instant section 2241 petition [D.E. 1]. On April 12, 2017, the court conducted preliminary review pursuant to 28 U.S.C. § 2243 and allowed the matter to proceed [D.E. 5]. On May 8, 2017, respondent filed a motion to dismiss and a memorandum in support [D.E. 8, 9]. On June 5, 2017, Gray timely filed a response in opposition to the dismissal motion [D.E. 13]. On November 30, 2017, Gray filed a motion to expedite [D.E. 14].

---

[4] In Johnson, the Supreme Court found that the ACCA residual clause–the part of the ACCA that defined a "violent felony," to include any felony that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)–was unconstitutionally vague and that applying this particular clause to increase a defendant's sentence violated due process. See Johnson, 135 S. Ct. at 2557; see also Welch v. United States, 136 S. Ct. 1257, 1265 (2016) (holding that Johnson applied retroactively to those defendants with final convictions and sentences).

3

## ARGUMENTS

Gray argues that changes to the law have rendered unconstitutional the ACCA enhancement of his sentence. See Pet. [D.E. 1]; Am. Pet. [D.E. 4]. Procedurally, he argues that, because section 2255 relief is inadequate and ineffective, the court has jurisdiction to hear the matter under section 2241. See Pet. [D.E. 1] at 3. As to the merits, he argues that, after Johnson, his North Carolina braking and entering convictions can not qualify as predicate "violent felony" convictions under the ACCA. See id. at 3–4. He also relies on a decision in the Western District of North Carolina where the government agreed that a petitioner's prior North Carolina conviction for breaking and entering was not a predicate "violent felony" under the ACCA. See Am. Pet. [D.E. 4-1] at 3 (citing Sims v. United States, No. 1:08-CR-00116-MR-1, 2016 WL 737945, at *1 (W.D.N.C. Feb. 23, 2016)).

In support of the motion to dismiss, respondent contends that the court lacks jurisdiction to consider Gray's instant petition. See Resp't Mem. [D.E. 9] at 2 (citing Fed. R. Civ. P. 12(b)(1)). Respondent specifically asserts that Gray's petition should be considered an attempted section 2255 motion because it actually challenges the validity of his sentence, not its execution. Id. Respondent further argues that Gray has failed to satisfy all three prongs of the test in this circuit for demonstrating that a section 2255 remedy is inadequate or ineffective and that he must, therefore, seek permission from the Fourth Circuit to file a second or successive section 2255 motion. See id. at 3 (quoting In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)). Respondent also contends that Gray "would be unable to satisfy the gatekeeping requirements of 28 U.S.C. §§ 2244 and 2255(h) because he appears to be challenging, among other things, his three North Carolina convictions for breaking and entering." Id. at 3 (citing United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014), cert. denied, 135 S.Ct. 734 (2014); United States v. Thompson, 615 F. App'x 160, 161 (4th Cir. 2015) (per curiam) (unpublished)).

4

In his response in opposition to respondent's motion to dismiss, Gray argues that his breaking and entering convictions under N.C. Gen. Stat. §14-54 can no longer serve as a predicate "violent felony" under the ACCA because: (1) Johnson made the ACCA residual clause unconstitutionally vague; (2) Simmons invalidated the use of any conviction as an ACCA predicate where the offense did not result in a prison term of more than a year per offense; and (3) as recognized in Barnette v. United States, No. 304CR227RJCDCK1, 2016 WL 2627046, at *3 (W.D.N.C. May 9, 2016), under the North Carolina Structured Sentencing Act, the maximum sentence for a breaking and entering conviction was not greater than one year. See Resp. [D.E. 13] at 1–3.

## LEGAL STANDARD

A Rule 12(b)(1) motion to dismiss tests a court's subject-matter jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (noting that "subject-matter jurisdiction" is "the court's statutory or constitutional *power* to adjudicate the case."). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When considering a motion to dismiss for lack of subject-matter jurisdiction, "[t]he district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Moreover, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See id.

Individuals who are "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992) ("Section 2255 is the proper vehicle for

5

collaterally attacking the validity of a ... [federal] sentence."). A section 2241 petition, by contrast, "attacks the execution of a sentence, rather than its validity[.]" Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); see also In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (discussing section 2241).

A prisoner cannot bring a second or successive section 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see United States v. Winestock, 340 F.3d 200, 204–05 (4th Cir. 2003); In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013).

## DISCUSSION

Here, because Gray actually challenges the validity of his ACCA sentence enchantment, not the execution of his sentence, a section 2255 motion is the proper vehicle for this challenge. See Poole, 531 F.3d at 270; Jones, 226 F.3d at 332; Vial, 115 F.3d at 1194; see also Bradshaw, 86 F.3d at 166. Accordingly, Gray "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the section 2255(e) "saving clause"[5]).

"[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." Vial, 115 F.3d at 1194 n.5 (citations omitted). Rather, section 2255 relief is "inadequate or ineffective" when the following conditions are met:

(1) [A]t the time of conviction, settled law of this circuit or the Supreme Court

---

[5]"[S]aving[, not savings,] is the precise word" for "a statutory provision exempting from coverage something that would otherwise be included," McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1082–83 (11th Cir. 2017) (quoting Bryan A. Garner, GARNER'S DICTIONARY OF LEGAL USAGE 797 (3d ed. 2011)).

6

> established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Prousalis, 751 F.3d at 275 (quoting Jones, 226 F.3d at 333–34).

Here, because the change in law has not rendered noncriminal the prohibition against felons possessing firearms, and because the new rule announced in Johnson is, in fact, a rule of constitutional law, Gray has not satisfied the second or the third condition. Cf. id. Moreover, the reach of the saving clause has not been extended to prisoners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("[T]he saving[] clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor."). Accordingly, because Gray has not satisfied all three conditions, he likewise fails to demonstrate that section 2255 is an "inadequate or ineffective" means of challenging his sentence. See Prousalis, 751 F.3d at 275; Jones, 226 F.3d at 333–34.

Because Gray has not demonstrated that a section 2255 motion is "inadequate or ineffective," and because he not sought the Fourth Circuit certification necessary for the court to convert his section 2241 petition into a second or successive section 2255 motion, see 28 U.S.C. § 2255(h), the court will dismiss the matter for lack of jurisdiction, see Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (finding that the district court lacked jurisdiction to consider a petitioner's unauthorized section 2241 petition where a petition pursuant to section 2255 was not "inadequate or ineffective").

Even if the court were to convert his section 2241 petition into a section 2255 motion, Gray's arguments would still fail on the merits. Gray's filings do not dispute his numerous convictions for breaking and entering pursuant to N.C. Gen. Stat. § 14–54(a). See [D.E. 13] at 1. Although Johnson invalidated sentence enhancements under the residual clause of the ACCA, the enumerated ACCA

7

provision that explicitly enumerated "burglary" as a "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii), remains in force, see Johnson, 135 S. Ct. at 2263 (noting that its holding did not "call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."); see also United States v. Beatty, 702 F. App'x 148, 150 (4th Cir. 2017) (unpublished) (finding that, for the purpose of ACCA sentence enhancement, consideration of a conviction for breaking and entering under N.C. Gen. Stat. § 14–54 involves the enumerated clause of the ACCA, not the residual clause). Moreover, both before and after Johnson, courts in this jurisdiction have found that convictions for breaking and entering under N.C. Gen. Stat. § 14–54(a) constitute a "burglary" and, therefore, a predicate "violent felony" for ACCA sentence enhancement. See Mungro, 754 F.3d at 268–69; see also Thompson, 615 F. App'x. at 161 (finding that Mungro decided that North Carolina's breaking or entering offenses qualify as an ACCA burglary); Deese v. United States, No. 7:10-CR-64-FL-1, 2017 WL 3025868, at *2 (E.D.N.C. July 17, 2017) ("Johnson did not impact the use of petitioner's North Carolina breaking and entering convictions as ACCA predicate convictions."), appeal dismissed, 704 F. App'x 274 (4th Cir. 2017). Accordingly, the Johnson decision provides Gray no relief.

Although Gray argues he is entitled the to same relief granted the petitioners in Sims and Barnette, these cases are substantially distinguishable. Sims was convicted in 1997 of breaking and entering in violation of N.C. Gen. Stat. § 14–54(a). See Sims, No. 1:08-CR-00116-MR-1, 2016 WL 737945, at *2 (W.D.N.C. Feb. 23, 2016). This conviction was a class H felony under the North Carolina Structured Sentencing Act but, due to Sims' criminal record, Sims faced only a potential sentence of less than one year imprisonment for the breaking and entering crime. Id. (citing N.C. Gen. Stat. § 15A-1340.17(c),(d) (1997)). Applying Simmons, that court found that Sims' breaking and entering conviction no longer qualified as an ACCA predicate "violent felony." Id. at 3.

8

Barnette was also convicted of a North Carolina breaking and entering offense. Barnette v. United States, No. 304CR227RJCDCK1, 2016 WL 2627046, at *3 (W.D.N.C. May 9, 2016). However, that court noted that the highest sentence Barnett could receive under the North Carolina Structured Sentencing Act was twelve months. Id. (citing N.C. Gen. Stat. § 15A-1340.17(c) and (d) (2001)). Because this sentence was not greater than one year, the government conceded that Barnette's conviction could not constitute a predicate "violent felony" for the purposes of ACCA sentence enhancement under the Simmons framework. See id.

As an initial matter, any comparison of the instant matter with Sims and Barnette is inapt because Gray's July 1993 conviction for nine felony breaking and entering charges (with larceny) occurred before the implementation of the North Carolina Structured Sentencing Act. See N.C. Gen. Stat. Ann. § 15A-1340.17 (noting an initial effective date of October 1, 1994). Moreover, prior to the enactment of the North Carolina Structured Sentencing Act, felony breaking and entering constituted a class H felony with a presumptive term of three years imprisonment. State v. Graham, 309 N.C. 587, 593, 308 S.E.2d 311, 316 (1983) ("Felonious breaking or entering is a Class H felony which carries a presumptive sentence of three years' imprisonment." (citing N.C. Gen. Stat. §§ 14-54 and 15A-1340.4(f))); see also United States v. Newbold, 791 F.3d 455, 457 n.2, 463 (4th Cir. 2015) (noting that, prior to the effective date of the North Carolina Structured Sentencing Act, under the prior scheme, laid-out in N.C. Gen. Stat. § 15A–1340.4(f), the presumptive penalty for a North Carolina class H felony was three years whereas the maximum aggravated penalty was ten years); Albritton v. United States, No. 4:12-CR-00005-F-1, 2016 WL 2932165, at *4 (E.D.N.C. May 19, 2016) (noting that the presumptive sentencing ranges were created by the Fair Sentencing Act that was in effect for North Carolina offenses committed between July 1, 1981 to September 30, 1994), appeal dismissed, 697 F. App'x 178 (4th Cir. 2017).

9

To the extent that Gray argues that the 1993 sentence for his breaking and entering convictions led to an actual term of imprisonment not greater than a year for each individual crime, this is irrelevant. After Simmons, courts in this jurisdiction consider the "presumptive term" to be the maximum applicable punishment, even in cases where the defendant received a mitigated sentence. Newbold, 791 F.3d at 462 (citing United States v. Kerr, 737 F.3d 33, 37 (4th Cir. 2013)). Thus, although Gray received a suspended sentence of ten years incarceration for the nine counts of breaking and entering (class H felonies), because the crimes occurred before the implementation of the North Carolina Structured Sentencing Act, each conviction carried a three-year presumptive term of incarceration and constituted a predicate "violent felony" under the ACCA. Accordingly, the relief afforded under Simmons to the petitioners in Sims and Barnette is unavailable to Gray.

In sum, the court lacks jurisdiction over Gray's instant section 2241 petition. Rice, 617 F.3d at 807. Moreover, because Gray has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), the court also will deny a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons discussed above, the court GRANTS respondent's motion to dismiss [D.E.8]; DISMISSES WITHOUT PREJUDICE Gray's section 2241 petition [D.E. 1, 4]; DISMISSES AS MOOT Gray's motion to expedite [D.E. 14]; DENIES a certificate of appealability; and DIRECTS the clerk to close the case.

SO ORDERED. This 5 day of February 2018.

Terrence Boyle
TERRENCE W. BOYLE
United States District Judge

10